UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERESA K., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-819 BHS-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found fibromyalgia vs. pain syndrome, autonomic nerve disorder, degenerative changes of the cervical and lumbar spine, hypertension, obesity, affective disorder, anxiety-related disorder and post-traumatic stress disorder (PTSD) are severe impairments; plaintiff retains the residual functional capacity (RFC) to lift/carry 20 pounds occasionally and 10 pound frequently, can stand/walk 6 hours in an eight hour day, and has other postural, environmental, and non-exertional limitations; and plaintiff cannot perform past relevant work but is not disabled because she can perform other jobs in the national economy. Tr. 32-47.

Plaintiff contends the ALJ misevaluated (1) a December 2016 MRI, (2) her testimony about fibromyalgia, (3) opinions of State Agency Psychologists Dan Donahue, Ph.D., and John

REPORT AND RECOMMENDATION - 1

1  Robinson, Ph.D., and (5) plaintiff's need for accommodation under the Americans with

2  Disabilities Act (ADA) at step five. Dkt. 15 at 1-2.

3       For the reasons below, the Court recommends the case be **REVERSED** and

4  **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.     The ALJ's Evaluation of the 2016 MRI**

In evaluating plaintiff's testimony about chronic back pain, the ALJ found:

> while an MRI showed evidence of stenosis at L5-S1, she otherwise had only mild or normal findings in the lumbar spine (33F5-6). Moreover she has usually demonstrated a normal gait as well as 5/5 motor strength and intact sensation throughout the lower extremities (*See* above).

Tr. 38. Plaintiff contends, *inter alia*, the ALJ misread the MRI results, Dkt. 15 at 6, made an impermissible medical finding, *id.*, and that evidence presented to the Appeals Council undermines the ALJ's determination. *Id*. at 7.

Focusing on the last argument, after the ALJ issued the decision, plaintiff submitted to the Appeals Council the declaration of treating doctor Peter Struck, M.D. Tr. 57-64. The declaration is part of the record this Court reviews. *See Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (Court may consider evidence submitted to the Appeals Council to determine if the ALJ's decision is supported by substantial evidence).

The declaration clearly undermines the ALJ's assessment of the 2016 MRI. The ALJ found that other than stenosis, the MRI established "only mild or normal findings." Tr. 38. The ALJ clearly discounted the MRI findings. Dr. Struck, on the other hand, opined the "MRI demonstrated objective findings that would have caused the radiculopathy she described in 2016. [Plaintiff] did not suddenly develop the **significant facet arthritis, spinal stenosis and nerve**

REPORT AND RECOMMENDATION - 2

1  **root compression seen on the MRI.**" Tr. 59 (emphasis added). Dr. Struck's opinions

2  undermines the ALJ's assessment of the MRI.

3        The Commissioner argues Dr. Struck's opinion does not "divest the ALJ's decision of

4  substantial evidence." Dkt. 16 at 3. The Commissioner does not argue Dr. Struck's opinion, if

5  accepted, undermines the ALJ's finding. Rather the Commissioner argues the court should reject

6  Dr. Struck's because he challenged or disagreed with the ALJ's assessment, and is therefore

7  plaintiff's advocate. *Id.* The argument fails. First, the record cuts against it. There is no evidence

8  Dr. Struck was hired to advocate for plaintiff, and was merely spouting off an unsubstantiated

9  opinion. Rather Dr. Struck is plaintiff's treating doctor, and rendered his opinion based upon the

10 care he provided plaintiff, and his medical expertise.

11       Second, Dr. Struck should not be faulted for giving a medical opinion about what the

12 MRI showed (**significant facet arthritis, spinal stenosis and nerve root compression**)**.** He is

13 after all a treating physician and should be called upon to set forth what the imaging test results

14 establish. The fact Dr. Struck has an opinion that differs from the ALJ's assessment does not

15 nullify his opinion. Otherwise, the ALJ would never have to adopt a medical opinion the ALJ

16 disagrees with.

17       In short, Dr. Struck's post hearing declaration undermines the ALJ's assessment of the

18 2016 MRI; the assessment is thus no longer supported by substantial evidence. The Court notes

19 although plaintiff presents Dr. Struck's declaration in support of the claim the ALJ erred in

20 assessing the 2016 MRI, plaintiff also argues the declaration sweeps far wider. This is because

21 the doctor also opined plaintiff has functional limitations not accounted for by the RFC

22 determination such as inability to sit, stand or walk for six hours. Dkt. 15 at 8, 9. Because Dr.

23

REPORT AND RECOMMENDATION - 3

1 Struck's entire declaration is new evidence that was not before the ALJ, the ALJ on remand shall

2 be directed to consider the declaration, in its entirety.

3 **B.     Plaintiff's Testimony**

4 　　　　Plaintiff's claimed errors two and three go to the ALJ's assessment of her testimony.

5 Plaintiff contends the ALJ misevaluated her testimony in two respects. First, the ALJ

6 misevaluated the severity of her fibromyalgia/pain syndrome symptom testimony. Dkt. 15 at 11.

7 The ALJ rejected plaintiff's testimony for several reasons including her "allegations are

8 inconsistent with her work history. Her allegedly long standing debilitating fatigue did not

9 prevent her being able to engage in substantial gainful activity prior to the onset date." Tr. 37.

10 This is a valid reason as the ALJ properly may discount a doctor's opinion that is inconsistent

11 with a claimant's work history. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

12 　　　　Plaintiff does not argue otherwise. Instead she claims her prior work is an invalid basis to

13 reject her testimony because the ALJ found she could not return to prior work and "tacitly

14 accepted that [plaintiff's] medical condition had worsened since she worked as a nurse." Dkt. 15

15 at 12. Plaintiff's claim is an unsupported assumption. Plaintiff alleges she has many different

16 limitations caused by many conditions other than fibromyalgia/pain syndrome. Hence, there is no

17 basis to assume that plaintiff can no longer perform past relevant solely because her fibromyalgia

18 symptoms worsened. Plaintiff has the burden of showing harm and fails to do so here. *See*

19 *Molina v. Astrue*, 674 F.3d at 1111 (court may not reverse unless error is harmful, and claimant

20 has burden of showing harm).

21 　　　　Second, plaintiff argues the ALJ erred in discounting her pain testimony as inconsistent

22 with her activities of daily living. Dkt. 15 at 12-13. The ALJ found plaintiff's allegations of

23 extreme fatigue is inconsistent with how plaintiff reported in March 2014 (though she claims

1  disability as of October 1, 2013) she exercised 4 days a week, walking 2 to 3 miles; how she had

2  no problems caring for her hygiene and grooming and caring for dogs, chickens and a horse; how

3  she could usually prepare healthy meals for the family; how she could go out daily and socialize

4  with friends. Tr. 37-38. The ALJ may discount a claimant's testimony based upon contradictions

5  between a claimant's reported activities and her limitations. *Morgan v. Comm'r of Soc. Sec.*

6  *Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). This is what the ALJ reasonably did here. The ALJ's

7  determination to discount plaintiff's testimony should accordingly be affirmed.

8        The ALJ gave other reasons to discount plaintiff's testimony which need not be

9  discussed. Even if the other reasons are erroneous, the error would be harmless. *See Carmickle v.*

10  *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason

11  among other reasons to discount a claimant's credibility does not negate the validity of the

12  overall credibility determination and is at most harmless error where an ALJ provides other

13  reasons that are supported by substantial evidence). The Court accordingly recommends

14  affirming the ALJ assessment of plaintiff's testimony be affirmed.

15  **C.     Drs. Robinson and Donahue**

16        Plaintiff contends the ALJ failed to account for mental limitations assessed by reviewing

17  doctors Dan Donahue, Ph.D., and John Robinson, Ph.D. Dkt. 15 at 14. The ALJ gave little

18  weight to the opinions of these doctors. Tr. 44. Plaintiff claims the ALJ erroneously rejected the

19  doctors' opinions as inconsistent with her husband's testimony, her presentation at her doctors'

20  visits, and medical findings she lacked cognitive deficits. *Id.* at 16-17. The first two arguments

21  are alternative interpretations of the evidence. Plaintiff's interpretation is not wholly

22  unreasonable but neither is the ALJ's interpretation. In such a circumstance, the

23

1  Court is required to affirm the ALJ's interpretation. *See Tommasetti v. Astrue*, 533 F.3d 1035,

2  1038 (9th Cir. 2008) (When the evidence is susceptible to more than one rational interpretation,

3  the court must uphold the ALJ's findings if they are supported by inferences reasonably drawn

4  from the record).

5        As to the last argument, plaintiff contends the ALJ's finding impermissibly cites to

6  treatment notes of plaintiff's physical, not mental condition. Dkt. 15 at 17. Even if this is so, the

7  Court can discern the ALJ's basis for rejecting Drs. Donahue's and Robinson's opinions about

8  cognitive limitations because the ALJ specifically gave "significant weight" to Anselm

9  Parlatore's M.D., assessment of plaintiff's cognitive functioning (citing to Tr. 761.). Tr. 43. In

10 his medical source statement, Dr. Parlatore opined plaintiff has the ability to reason and

11 understand, and her memory, concentration, pace and persistence, are intact. Tr. 761. The ALJ's

12 adoption of Dr. Parlatores' opinion sufficiently informs the Court of the grounds upon which the

13 ALJ relied in rejecting the reviewing doctors' opinions. *See Treichler v. Comm'r of Social Sec.*

14 *Admin.*, 775 F.3d 1090 1102 (9th Cir. 2014) (Court may not affirm ALJ's decision where "'the

15 agency's path' cannot 'reasonably be discerned.'") (citation omitted). The Court accordingly

16 affirms the ALJ's assessment of the opinions of Drs. Donahue and Robinson.

17 **D.     The ALJ's Failure to Issue Subpoenas and Consider Plaintiff's Need for Special Chair Under the ADA**

18       Plaintiff requested the ALJ subpoena Drs. Parlatore, Donahue, Robinson, Staley, and

19 Ulleland, and alternatively to send interrogatories. Tr. 29. The ALJ agreed and scheduled a

20 supplemental hearing to take their testimony. *Id.* Despite the ALJ's desire to further develop the

21 record, the Social Security Administration intervened, refused to cooperate, and forced the ALJ

22 to render a decision with further development. *Id.* Plaintiff faults the ALJ. This is a claim that

23

1  need not be resolved at this junction because the case will be remanded with direction that the
2  ALJ develop the record as the ALJ deems necessary.
3      Plaintiff also contends the ALJ erred in rejecting the pre-hearing opinion of John Berg,
4  M.Ed., dated January 2015, who gave an opinion about a different person, and how the person
5  needed an accommodation to address obesity to perform sedentary work. Dkt. 15 at 17. The ALJ
6  rejected Mr. Berg's opinion because it "pertains to another individual," i.e. a person five feet
7  nine inches tall, 470 pounds, 36 inches wide at the hips and 27 inches wide at the buttocks. Tr.
8  30 (referring to Tr. 386). Plaintiff is five feet five inches tall, 219 pounds, and 25 inches from
9  thigh to thigh. Tr. 285. Mr. Berg's opinion is also directed to accommodation requirements for
10 sedentary jobs, i.e. jobs performed seated in a chair. Tr. 387. The ALJ, however, found plaintiff
11 could perform light work as a housekeeper, which Mr. Berg's 2015 report does not address. The
12 Court cannot say the ALJ unreasonably discounted Mr. Berg's 2015 report as pertaining to a
13 person that is not the plaintiff.
14     After the ALJ issued his decision, plaintiff submitted to the Appeals Council a new
15 declaration from Mr. Berg. Tr. 8. Plaintiff contends the ALJ erred in rejecting the 2015 report
16 because it did not mention [plaintiff] by name, and that the new declaration cures this
17 "objection." Dkt. 15 at 18 (citing Tr. 12-13.). The Court rejects the contention. The pages
18 plaintiff relies upon in the declaration submitted to the Appeals Council indicates the standard
19 size office chair in the labor market is between 18 and 21 inches wide and that if an employer
20 needs to provide a person with a wider chair, that need constitutes an accommodation. But
21 opinion merely recites the obvious: if an accommodation is needed, then an accommodation is
22 needed.
23

REPORT AND RECOMMENDATION - 7

Mr. Berg, however, does not specifically say whether plaintiff can or cannot fit into a standard size office chair, or whether standard size office chairs are even used to perform light duty work as a cleaner housekeeper, a job the ALJ found plaintiff could perform.

In sum, the ALJ did not err in discounting Mr. Berg's 2015 opinion. The opinion sets forth limitations regarding a much bigger person and does not specify whether plaintiff needs a special sized office chair. The declaration submitted to the Appeals Council does not move the needle. It again fails to specify whether plaintiff needs a special sized office chair or even whether such a chair is used to perform light cleaner housekeeper jobs. The Court notes the declaration submitted to the Appeals Council contains other opinions of Mr. Berg, but plaintiff has not asserted these other opinions are a bases for remand. The Court accordingly should affirm the ALJ's evaluation of Mr. Berg's 2015 opinions and find the new declaration does not undermine the ALJ's written decision.

## CONCLUSION

For the reasons above, the Court recommends **REVERSING** the Commissioner's final decision and **REMANDING** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the 2016 MRI imagining results and also address Dr. Struck's opinions; the ALJ shall develop the record, reevaluate plaintiff's RFC, and proceed to step five as appropriate.

A proposed order accompanies this Report and Recommendation. Any objection to this Report and Recommendation must be filed and served no later than **December 21, 2018.** If no objections are filed, the Clerk shall note the matter for **December 21, 2018,** as ready for the Court's consideration. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's

1 consideration 14 days from the date the objection is filed and served.  Objections and responses

2 shall not exceed ten pages.  The failure to timely object may affect the right to appeal.

3       DATED this 7th day of December, 2018.

                                                            BRIAN A. TSUCHIDA
                                                            Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 9